```
DOUGLAS SCOTT MAYNARD (SBN 90649)
MOIRA A. HOGAN (SBN 169377)
LAW OFFICES OF MAYNARD & HOGAN
1475 S. Bascom Ave., Ste. 115
Campbell, California 95008
Telephone: (408) 559-8990
```

Attorneys for Tougas Enterprises, Inc.

**FEDERAL DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Rick Futia,<br><br>        Plaintiff,<br><br>vs.<br><br>Tougas Enterprises Inc., Oak Creek Investments<br><br>        Defendants.<br>_____ | Case No. C 08-00003 RS<br><br>**ANSWER TO COMPLAINT**<br><br>Judge:    Richard Seeborg<br>Location: 280 S. First St.<br>          Courtroom 4<br>          San Jose, CA 95113 |

**ADMISSIONS**

Answering paragraph 2 of the complaint, Defendant Tougas Enterprises, Inc. (hereafter "DEFENDANT") admits it operates "Jakes of Saratoga" located at 12175 Saratoga Road, Saratoga California, a restaurant open to the public.

Answering paragraph 4 of the complaint, DEFENDANT admits this Court has jurisdiction pursuant 28 USC §1331 as to of claims brought under the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and supplemental jurisdiction over any attendant or related claims.

Law Offices of Maynard & Hogan
1475 S. Bascom Ave.
Suite 115
Campbell, CA 95008

Answer To Complaint
Futia v. Tougas Enterprises, Inc.
Case No. C 08-00003 RS

1

Sue

Answering paragraph 5 of the complaint, DEFENDANT admits venue is proper as "Jakes of Saratoga" is located within this district.

Answering paragraph 6 of the complaint, DEFENDANT admits this case should be assigned to the San Jose Intradistrict, as "Jakes of Saratoga" is located within this Intradistrict, but otherwise denies the allegations of paragraph 6.

Answering paragraph 7 of the complaint, DEFENDANT admits "Jakes of Saratoga" is a Public Accommodation or Facility as defined by the Americans with Disabilities Act of 1990 and is subject to the requirements of California Civil Code §§ 51, 54, 54.1 and 55.

**POSITIVE DENIALS**

Answering paragraph 3 of the complaint, DEFENDANT denies each and every allegation contained therein.

Answering paragraph 8 of the complaint, DEFENDANT denies each and every allegation contained therein.

Answering paragraph 9 of the complaint, DEFENDANT admits it is the operator of the subject restaurant. Except as so admitted, DEFENDANT denies each and every allegation contained therein.

Answering paragraph 11 of the complaint, DEFENDANT denies each and every allegation contained therein on the basis that these allegations are mere legal conclusions, not facts and do not accurately reflect the law.

Answering paragraph 12 of the complaint, DEFENDANT denies each and every allegation contained therein.

Answering paragraph 13 of the complaint, DEFENDANT denies each and every allegation contained in the first paragraph of said paragraph.

Law Offices of Maynard & Hogan
1475 S. Bascom Ave.
Suite 115
Campbell, CA 95008

Answering paragraph 14 of the complaint, DEFENDANT denies each and every allegation contained therein.

Answering paragraph 18 of the complaint, DEFENDANT denies each and every allegation contained therein.

Answering paragraph 20 of the complaint, DEFENDANT denies each and every allegation contained therein on the basis that these allegations are mere legal conclusions, not facts and do not accurately reflect the law.

Answering paragraph 21 of the complaint, DEFENDANT denies each and every allegation contained therein on the basis that these allegations are mere legal conclusions, not facts and do not accurately reflect the law.

Paragraph 22 is denied in that no such paragraph exists.

Paragraph 23 is denied in that no such paragraph exists.

Paragraph 24 is denied in that no such paragraph exists.

Answering paragraph 25 of the complaint, DEFENDANT denies each and every allegation contained therein.

Answering paragraph 26 of the complaint, DEFENDANT denies each and every allegation contained therein.

**DENIALS BASED ON INFORMATION AND BELIEF**

Answering paragraph 1 of the complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each allegation contained therein.

Answering paragraph 10 of the complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each allegation contained therein.

Law Offices of Maynard & Hogan
1475 S. Bascom Ave.
Suite 115
Campbell, CA 95008

Answering paragraph 13 of the complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second and third paragraphs of said paragraph, and on that basis denies each allegation contained in said paragraph.

Answering paragraph 15 of the complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each allegation contained therein.

Answering paragraph 16 of the complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each allegation contained therein.

Answering paragraph 17 of the complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each allegation contained therein.

Answering paragraph 19 of the complaint, DEFENDANT admits and denies each allegation incorporated therein by reference on the same basis as original allegations.

Answering paragraph 27 of the complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each allegation contained therein.

## **AFFIRMATIVE DEFENSES**

By way of separate affirmative defenses to Plaintiff's Complaint, DEFENDANT hereby alleges:

//

Law Offices of Maynard & Hogan
1475 S. Bascom Ave.
Suite 115
Campbell, CA 95008

Answer To Complaint
Futia v. Tougas Enterprises, Inc.
Case No. C 08-00003 RS
4
Sue

## FIRST AFFIRMATIVE DEFENSE

DEFENDANT has not participated in any work of alteration, structural repair or addition requiring access complying with the disability accommodation specifications of Title 24 or any other provision imposing requirements for disability accommodation.

## SECOND AFFIRMATIVE DEFENSE

Due to the lack of any qualifying alteration, structural repair or addition, DEFENDANT's operations have been "grandfathered" until such alterations, structural repairs or additions are undertaken.

## THIRD AFFIRMATIVE DEFENSE

DEFENDANT has already made all readily achievable removals of architectural barriers in existing facilities.

## FOURTH AFFIRMATIVE DEFENSE

Alternate facilities and/or services were available to the Plaintiff upon request.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, fails to allege facts sufficient to constitute any legally recognizable cause or causes of action against the DEFENDANT.

## SIXTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint and the requests for relief therein are barred in that at all times the DEFENDANT's actions toward Plaintiff were undertaken for fair and honest reasons regulated by good faith under the circumstances then existing.

Law Offices of Maynard
& Hogan
1475 S. Bascom Ave.
Suite 115
Campbell, CA 95008

Answer To Complaint
Futia v. Tougas Enterprises, Inc.
Case No. C 08-00003 RS
5

Sue

SEVENTH AFFIRMATIVE DEFENSE

The DEFENDANT acted reasonably and in good faith under the circumstances known to it at the time and it should be excused from liability for the amount of any loss to Plaintiff and/or any interest on any such amount or any other amount.

EIGHTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or each and every cause of action therein, is barred in that Plaintiff failed to exhaust his applicable State remedies.

NINTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action therein, are uncertain, ambiguous, and unintelligible and Plaintiff is thereby barred from recovery herein.

TENTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual as defined by 42 USC §12182(a) and other provisions of the Americans with Disabilities Act.

ELEVENTH AFFIRMATIVE DEFENSE

The removal of the architectural barriers for which the Plaintiff seeks removal is not readily achievable as defined by 28 CFR 36.304(a) and other relevant legal provisions.

TWELFTH AFFIRMATIVE DEFENSE

The removal of the architectural barriers for which the Plaintiff seeks removal would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations of DEFENDANT.

//

//

Law Offices of Maynard & Hogan
1475 S. Bascom Ave.
Suite 115
Campbell, CA 95008

Answer To Complaint
Futia v. Tougas Enterprises, Inc.
Case No. C 08-00003 RS
6
Sue

### THIRTEENTH AFFIRMATIVE DEFENSE

The removal of the architectural barriers for which the Plaintiff is seeking removal would present an undue burden on DEFENDANT within the meaning of, <u>inter alia</u>, 42 USC §12182(b)(2)(A)(iii).

### FOURTEENTH AFFIRMATIVE DEFENSE

By reason of his statements and conduct, Plaintiff is estopped from pursuing his purported causes of action.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of inequitable and reprehensible conduct and is barred from any form of relief in this action by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has unreasonably delayed bringing the causes of action alleged in the Complaint, to the prejudice of the answering DEFENDANT, and Plaintiff is thereby barred from recovery herein by the doctrine of laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff by his acts and/or omissions, is estopped from asserting his purported claims against the answering DEFENDANT, and Plaintiff is thereby barred from recovery herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has by his own actions waived any claims or causes against the answering DEFENDANT, the existence of which is specifically denied, and Plaintiff is thereby barred from recovery herein.

//

//

Law Offices of Maynard & Hogan
1475 S. Bascom Ave.
Suite 115
Campbell, CA 95008

Answer To Complaint
Futia v. Tougas Enterprises, Inc.
Case No. C 08-00003 RS

7

Sue

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of any events, occurrences, acts, or omissions allegedly giving rise to Plaintiff's purported claims in this matter, and Plaintiff is thereby barred from recovery herein, in whole or in part.

### TWENTIETH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action therein, is barred by waiver.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action therein, is barred by estoppel.

WHEREFORE, DEFENDANT prays for judgment as follows:

1. That Plaintiff take nothing by its Complaint;
2. That DEFENDANT be awarded his costs of suit;
3. That DEFENDANT be awarded his Attorney's fees;
4. For such other and further relief as this Court deems just and proper.

LAW OFFICES OF MAYNARD & HOGAN

Dated: March 4, 2008        /S/ _____
                            DOUGLAS SCOTT MAYNARD
                            Attorney for Defendant
                            Tougas Enterprises, Inc.

\\Chris\wp51\DSM\TOUGAS, JAMIE\Answer.doc

Law Offices of Maynard & Hogan
1475 S. Bascom Ave.
Suite 115
Campbell, CA 95008